IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

316, INC.,

     Plaintiff,

vs.                                      CASE NO. 3:07cv528-RS-MD

MARYLAND CASUALTY
COMPANY,

     Defendant.
_____/

## ORDER

Before me is Defendant's Motion for Judgment on the Pleadings or To Bifurcate and Stay Plaintiff's Claim for Punitive Damages and Request for Conference (Doc. 31).  Plaintiff opposes the motion (Doc. 33).

### I.  Background

Plaintiff 316, Inc., has brought this diversity action against Defendant Maryland Casualty Company, alleging that Defendant has engaged in unfair methods of competition and unfair deceptive acts or practices under Fla. Stat. §§ 626.9541 and 624.155.[1]  The one-count amended complaint charges that Defendant

---

[1] Fla. Stat. § 626.9541 defines unfair methods of competition and unfair or deceptive acts or practices.  Fla. Stat. § 624.155 authorizes any person, after giving proper notice to the insurer, to bring a civil action against the insurer for a violation of an enumerated provision or for the commission of certain acts specified in the statute.

has acted in bad faith by refusing to pay money owed under an insurance policy for damages caused by Hurricane Ivan to Plaintiff's commercial building in September 2004.

Among its demands for relief, Plaintiff has requested an award of punitive damages pursuant to Fla. Stat. § 768.72[2], as limited by Fla. Stat. § 624.155(5)[3], on the alleged ground that Defendant has conducted its general business practices in willful, wanton, malicious, and reckless manners.  The pending motion requests that judgment on the pleadings be entered on the claim for punitive damages in Defendant's favor under Fed. R. Civ. P. 12(c).  As grounds for the motion, Defendant contends that Plaintiff has failed to state a claim for punitive damages because the factual allegations supporting the claim are conclusory and insufficient.

Alternatively, Defendant requests that the claim for punitive damages be bifurcated from the remaining claims for relief and stayed on the asserted ground that Florida law protects Defendant from having to defend against claims for punitive damages that are not supported by specific facts.  In connection with the

---

[2]Fla. Stat. § 768.72(2) permits an award of punitive damages "if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence."

[3]Fla. Stat. § 624.155(5) states, in relevant part, that

> [n]o punitive damages shall be awarded under this section unless the acts giving rise to the violation occur with such frequency as to indicate a general business practice and these acts are:
>
> (a) Willful, wanton, and malicious; [or]
> (b) In reckless disregard for the rights of any insured.

request for bifurcation and stay, Defendant requests a conference under Fed. R. Civ. P. 26(f) to address the sequencing of discovery relating to the claim for punitive damages.

## II.  Analysis

### A.  Rule 12(c) Standard

Under Fed. R. Civ. P. 12(c), a party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial.  A motion for judgment on the pleadings for failure to state a claim upon which relief can be granted is governed by the same standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.  *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002); *Mergens v. Druyfoos*, 166 F.3d 1114 (11th Cir. 1999); *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998); *Perdido Sun Condominium Ass'n, Inc. v. Nationwide Mut. Ins. Co.*, 2007 WL 2565990 at *3 (N.D. Fla. August 30, 2007) (applying Rule 12(b)(6) standard of dismissal to Rule 12(c) motion for judgment on the pleadings).  *See also* 5C Wright & Miller, *Federal Practice and Procedure*: Civil 3d § 1367 at 238 ("A significant number of federal courts have held that the standard to be applied on a Rule 12(c) motion based on all the pleadings is identical to that used on a Rule 12(b)(6) motion based solely on the complaint.").

> As has been indicated by a considerable number of federal courts, . . . if . . . procedural defects are asserted upon a Rule 12(c) motion, presumably the district court will apply the same standards for granting the appropriate relief or denying the motion as it would have employed had the motion been brought prior to the defendant's answer under Rules 12(b)(1), (6), or (7) or under Rule 12(f) (footnote

> omitted). The mere fact that these procedural defects are raised in the guise of a 12(c) motion should not affect the manner by which the court determines what essentially are Rule 12(b) matters. In this context, Rule 12(c) is merely serving as an auxiliary device that enables a party to assert certain procedural defenses after the close of the pleadings.

5C Wright & Miller, *Federal Practice and Procedure*: Civil 3d § 1367 at 218.

**B. Rule 12(b)(6) Standard**

Dismissal under Rule 12(b)(6) eliminates a pleading or portion of a pleading which fails to state a claim upon which relief can be granted. In deciding whether to dismiss, the court must accept as true all allegations of the complaint and construe those allegations in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 235, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90, 96 (1974); *Lopez v. First Union Nat'l Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997); *Harper v. Thomas*, 988 F.2d 101, 103 (11th Cir. 1993).

To satisfy the pleading requirements of Fed. R. Civ. P. 8(a), a complaint must give the defendant fair notice of the plaintiff's claims and the grounds upon which they rest. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz*, 534 U.S. at 511 (quoting *Scheuer*, 416 U.S. at 236); *United States v. Baxter Int'l, Inc.*, 345 F.3d 866. 881 (11th Cir. 2003).

Until the Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), courts routinely followed the rule that "a

complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. The *Twombly* Court rejected a literal reading of the "no set of facts" rule and held that although a complaint need not plead "detailed factual allegations" to survive a motion to dismiss for failure to state a claim, the complaint must contain enough factual matter (taken as true even if doubtful in fact) to establish a "plausible," as opposed to merely a "possible" or "speculative," entitlement to relief. *Twombly*, 127 S. Ct. at 1964-66 (citations omitted). A plausible entitlement to relief exists when the allegations in the complaint traverse the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Id.* at 1966, n.5. In addition, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not suffice. *Id*. at 1964-65 (citations omitted).

**C. Application**

Fla. Stat. § 624.155(5) prohibits an award of punitive damages unless the acts giving rise to the violations of the insurer occur "with such frequency as to indicate a general business practice." *See also* Fla. Std. Jury Instr. (Civ.) MI 3.1d & Comment ("To justify an award of punitive damages in a suit under the Civil Remedies Act, the behavior constituting a violation of the Act must occur with such frequency as to indicate a "general business practice.").[4]  Here, the amended

---

[4]Plaintiff has emphasized in its response that the claim for punitive damages is brought pursuant to the Civil Remedies Act rather than Florida common law.

complaint fails to contain enough factual matter (taken as true even if doubtful in fact) to establish a "plausible," as opposed to merely a "possible" or "speculative," entitlement to punitive damages. *Twombly*, 127 S. Ct. at 1964-66 (citations omitted). Specifically, the allegations fail to sufficiently implicate Defendant's "general business practices."

The General Allegations in paragraphs one through twenty of the amended complaint are specific to Plaintiff only and make no reference to Defendant's "general business practices." To the extent that the remaining allegations, which constitute Count One, reference Defendant's "general business practices," the allegations are too conclusory, speculative, formulaic, and/or ambiguous to properly state a claim for punitive damages. The relevant allegations are set forth below:

> 28. Upon information and belief, Defendant has developed and implemented unfair claims handling procedures as general business practices, for the purpose of financial gain. Said general business practices are intentional and/or pursued with reckless disregard for the rights of the insureds, including Plaintiff.
>
> 29. Defendant has financially benefited from its unfair claims handling practices and as such it should be made to disgorge all unlawful or illegitimate monies it profited from such bad faith claims handling practices, including, but not limited to, any interest or monies Defendant has gained from such unlawful or illegitimate monies.
>
> . . .
>
> 39. Rather than carrying out its contractual, statutory, regulatory and ethical duties, Defendant committed acts during the adjustment of the claim and the

underlying litigation which were not in "good faith" and were in violation of Florida Statute § 624.155(1)(b)(1). These acts include, but are not limited to, the following:

    A. Providing "low ball" estimate of the insured's damages;

    B. Delaying payment of undisputed insurance monies due and owing to Plaintiff;

    C. Delaying providing all necessary expert reports and/or damage evaluations to Plaintiff;

    D. Engaging in the above actions in order to avoid and/or delay payment of a covered loss;

    E. Attempts to find ways to delay Plaintiff's claim rather than providing prompt and full indemnity to the policyholder;

    F. Creation of a hostile, offensive and unprofessional investigation and adjustment of Plaintiff's insurance claim;

    G. Failure to properly train, supervise or otherwise manage adjusters, representatives, and investigators to properly, and in good faith, investigate and adjust claims so that a prompt and fair evaluation of the claim can be made and proper indemnity paid, resulting in the failure to pay a covered claim;

    H. Failure to adopt and implement standards for the proper investigation of Plaintiff's claim;

    I. Misrepresentation and/or omission of pertinent facts relating to the coverages and/or facts of the loss at issue, so as to provide an illegitimate basis for delay

of the claim or the "low balling" of the claim amount during the adjustment of this claim;

  J. Failure to acknowledge and act promptly upon written and oral communications with respect to the claim, such that Defendant itself caused delays in the adjustment of the claim;

  K. Delay of Plaintiff's claim without conducting a reasonable investigation based upon available information;

  L. Failure to promptly notify Plaintiff of additional information necessary for the processing of Plaintiff's claim and then subsequently failing to clearly explain to Plaintiff why information requested was relevant to the adjustment; and

  M. Training, evaluation and promotion of adjusters and claims management based on reduction of claim severity rather than promptly and fully paying policyholders amounts owed.

  The above conduct demonstrates Defendant's failure to comply in good faith with the terms and conditions of the subject insurance policy and Florida law.

  40. The aforementioned actions by Defendant described in Paragraph thirty-nine above, were made so often as to constitute a general business practice and with the motive of enhancing its profits and were designed to be to the detriment of its policyholders and, specifically, Plaintiff herein, and all such actions were conducted intentionally, maliciously, or in the reckless disregard of the rights of Plaintiff.

>  41. Defendant implemented claims programs that were/are secret and unknown practices that were designed to pressure its adjusters/investigators/employees to pay less than the value of the claim and be free from regulatory and judicial review and create an unfair advantage over its competitors.
>
>  . . .
>
>  43. Upon information and belief, the aforementioned acts, omissions, and statutory violations by Defendant have occurred with such frequency as to indicate a general business practice and said acts were performed willfully, wantonly, and maliciously in reckless disregard for the rights of its insured, Plaintiff.

Paragraphs 28 and 29 contain only vague allegations of Defendant's "unfair" and "bad faith claims handling practices and procedures." To recover punitive damages under Fla. Stat. § 624.155(5), however, Plaintiff concedes in its response that it must allege a violation of a statutory provision enumerated in section 624.155(1)(a)[5] or the commission of an act set forth in section 624.155(1)(b).[6]

---

[5]Section 624.155(1)(a) permits a person to bring a civil action against an insurer when such person is damaged by a violation of any of the following provisions by the insurer: 1. Section 626.9541(1)(i), (o), or (x); 2. Section 626.9551; 3. Section 626.9705; 4. Section 626.9706; 5. Section 626.9707; or 6. Section 627.7283.

[6]Section 624.155(1)(b) permits a person to bring a civil action against an insurer when such person is damaged by the commission of any of the following acts by the insurer: 1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests; 2. Making claims payments to insureds or beneficiaries not accompanied by a statement setting forth the coverage under which payments are being made; or 3. Except as to liability coverages, failing to promptly settle claims, when the obligation to

Those sections refer to *specific* provisions and acts, not the ambiguous, catchall phrases "unfair" and "bad faith" that Plaintiff alleges in paragraphs 28 and 29 of the amended complaint. Further, the allegations in paragraphs 28 and 29 relating to Defendant's "general business practices" are based solely upon Plaintiff's "information and belief." Plaintiff sets forth no further information to "factually suggest" that its characterization of Defendant's alleged wrongful conduct as a "general business practice" is "plausible," as *Twombly* requires.

The more specific allegations contained in paragraph 39 and incorporated into paragraph 40 are also deficient. Plaintiff fails to allege any facts to factually suggest that the specific conduct alleged in paragraph 39 occurred so often as to constitute a general business practice of Defendant. The averments in paragraphs 39 and 40 relating to Defendant's alleged general business practices are impermissibly formulaic and conclusory. Plaintiff has made no attempt to provide even minimal factual averments to suggest that Defendant's alleged conduct toward Plaintiff is also Defendant's general business practice. Plaintiff instead attempts to have me extrapolate from Defendant's alleged conduct toward a single insured – Plaintiff – a "general business practice" but provides no factual foundation to support such a leap. In this way, the allegations about Defendant's business practices are untethered to any supporting factual allegations and are impermissibly speculative, rather than plausible.

I also note that paragraph 40, which incorporates the specific acts alleged in paragraph 39, charges that "all such actions were conducted intentionally,

---

settle a claim has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage

maliciously, or in the reckless disregard of the rights of *Plaintiff*." (emphasis added). Paragraph 40 does not allege that the actions were conducted intentionally, maliciously, or in reckless disregard of the rights of *other insureds* so as to constitute a general business practice. Paragraph 43 suffers from this same deficiency.

Finally, the allegation in paragraph 41 that Defendant implemented "secret" and "unknown" claims programs and practices to pressure its agents to pay less than the value of claims and create an unfair advantage over competitors is impermissibly speculative and conclusory. The amended complaint contains no factual allegations to suggest the plausibility of such an allegation. If, as Plaintiff alleges, such programs are "secret" and "unknown," Plaintiff fails to set forth any facts from which the allegation can be substantiated or inferred.

Plaintiff contends that the pending motion is an attempt to dispose of the case on its underlying substantive merits, which Plaintiff asserts was rejected in *Alexander v. City of Chicago*, 994 F.2d 333 (7th Cir. 1993). In *Alexander*, the Seventh Circuit reversed the district court's decision to grant the defendant's motion for judgment on the pleadings in an action brought by city police officers under the Fair Labor Standards Act ("FLSA"). The officers alleged that the rules and restrictions imposed by the city on their meal periods required that they be compensated for such breaks under the FLSA. Under the FLSA, remuneration was required for meal periods during which a police officer was unable comfortably and adequately to pass the mealtime because the officer's time or attention was devoted primarily to official responsibilities. The district court resolved the issue as a matter of law based on the pleadings. The Seventh Circuit reversed on the ground that the pleadings alone did not reveal to what extent the officers' attention

was directed at official duties during their meal periods. The appeals court concluded that, in the context of the case, the motion for judgment on the pleadings more closely resembled a motion for summary judgment than a motion to dismiss. Accordingly, the Seventh Circuit concluded that granting the motion for judgment on the pleadings based on a Rule 12(b)(6) standard of dismissal was improper and that the case should be resolved by allowing the trier of fact to judge, after sufficient development of the factual circumstances, whether the officers were completely relieved of duty during their meals.

I find that *Alexander* is distinguishable in two fundamental ways. First, the district court's decision in *Alexander* to grant the motion for judgment on the pleadings summarily disposed of the entire case. Here, Defendant requests that judgment be entered only on Plaintiff's claim for punitive damages. If the pending motion is granted, all claims and requests for damages specific to Plaintiff's alleged injuries will remain. The heart of the dispute are the alleged wrongs committed by Defendant against Plaintiff. In this way, judgment on the pleadings on the claim for punitive damages simply functions as a device to properly narrow the issues for trial rather than to summarily dispose of the entire case. *See* 5C Wright & Miller, *Federal Practice and Procedure*: Civil 3d § 1367 at 217 (stating that when the defense of failure to state a claim upon which relief can be granted is raised through a 12(c) motion for judgment on the pleadings, "Rule 12(c) is merely serving as an auxiliary or supplementary procedural device to determine the sufficiency of the case before proceeding any further and investing additional resources in it.")

Second, unlike *Alexander*, the pending motion for judgment on the pleadings on the claim for punitive damages resembles a Rule 12(b)(6) motion to dismiss for

failure to state a claim upon which relief can be granted. It does not resemble a motion for summary judgment. In *Alexander*, the defendant's motion for judgment on the pleadings did not assert procedural defects in the complaint; rather, the motion assumed the cause of action was properly pleaded but challenged its *substantive* viability. The Seventh Circuit's analysis in *Alexander* delved into substantive law; discussed the interplay between complex federal regulations and conflicting decisional authorities relating to the officers' entitlement to remuneration under the FLSA; and determined that genuine disputes of material fact existed. In the pending case, however, Plaintiff contends that the claim for punitive damages fails to state a claim upon which relief can be granted on *procedural* grounds. Specifically, the pending motion contends that the claim, as asserted in the amended complaint, is deficient ab initio because it fails to satisfy federal *pleading* requirements. In my analysis of the claim for punitive damages, I found that the claim was deficient on procedural grounds because it failed to contain enough facts to "suggest," on its face and without considering extra-pleading material, that Defendant engaged in violations "with such frequency as to indicate a general business practice." Plaintiff's factual allegations relating to general business practices were conclusory and speculative, unanchored to supporting facts beyond the boilerplate allegation "upon information and belief."

     The plain language of Rule 12(h)(2)(B) unambiguously permits a defendant to raise the defense of failure to state a claim upon which relief can be granted by a Rule 12(c) motion for judgment on the pleadings. Although Plaintiff did not attempt to state a claim for punitive damages in the initial complaint, Plaintiff had the opportunity to amend the initial complaint and did, in fact, amend the complaint in an effort to state a claim for punitive damages. Plaintiff has failed to

properly state that claim. In its answer, Defendant raised the following affirmative defenses against the claim for punitive damages, thus placing Plaintiff on proper notice of the alleged insufficiency of the claim:

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action for which relief can be granted.

. . .

### FOURTEENTH AFFIRMATIVE DEFENSE

There has been no reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of punitive damages as required by Fla. Stat. § 768.72 [sic] therefore that claim should not be allowed to proceed and should be dismissed and in all respects subject to the limitations set forth in Fla. Stat. § 768.73.

. . .

### NINETEENTH AFFIRMATIVE DEFENSE

No act or omission by Defendant was . . . committed with such frequency as to indicate a general business practice . . . therefore, any award of punitive damages is barred.

. . .

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff has not alleged the requisite factual predicate to assert the claims contained in its Amended

Complaint regarding business pattern and practices.

(Answer, Doc. 27).

Despite the affirmative defenses on the claim for punitive damages and the pending motion for judgment on the pleadings of that claim, Plaintiff has not represented that it has additional facts or requires limited discovery on Defendant's general business practices, nor has it sought leave to further amend the complaint under Rule 15(a)(2).[7]  For all of these reasons, disposing of the claim for punitive damages by judgment on the pleadings is wholly proper.

### III.  Conclusion

1.  Defendant's request for dismissal/judgment on the pleadings on Plaintiff's claim for punitive damages (Doc. 31) is **GRANTED**.

2.  Plaintiff's claim for punitive damages is **DISMISSED WITH PREJUDICE**.

3.  Defendant's alternative request to bifurcate and stay the claim for punitive damages is **DENIED AS MOOT**.

4.  Defendant's alternative request for a conference under Fed. R. Civ. P. 26(f) to address the sequencing of discovery relating to the claim for punitive

---

[7]Although I do not decide its applicability in this federal lawsuit, I note that Fla. Stat. 768.72(1) states, in relevant part, that:

> The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure.  The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages.

damages is **DENIED AS MOOT**.

>**ORDERED** on May 21, 2008.

>>/s/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**